UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VENETIAN STONE WORKS, LLC, a Washington Limited Liability Company,<br><br>            Plaintiff,<br><br>v.<br><br>MARMO MECCANICA, S.p.A. an Italian Corporation,<br><br>            Defendant. | C09-1497Z<br><br>ORDER |

THIS MATTER comes before the Court on plaintiff's offer of proof concerning lost profits, docket no. 33. By Order dated December 8, 2010, docket no. 32, the Court deferred ruling on defendant's motion for partial summary judgment, docket no. 14, as to plaintiff's prayer for lost profits. Having considered plaintiff's offer of proof, the Court now GRANTS the deferred portion of defendant's motion for partial summary judgment, docket no. 14, and STRIKES with prejudice plaintiff's prayer for lost profits. With regard to the other consequential or incidental damages outlined in plaintiff's offer of proof, the Court defers ruling until trial.

The parties agree that consequential damages, including lost profits, are available as a remedy under Article 2 of the Uniform Commercial Code ("UCC"), which plaintiff alleges defendant has violated. Under Washington law, although the "precise amount of damages

ORDER - 1

need not be shown with mathematical certainty," damages must still be supported by competent evidence. *Interlake Porsche & Audi, Inc. v. Bucholz*, 45 Wn. App. 502, 510, 728 P.2d 597 (1986). To be sufficient, evidence of damages must afford "a reasonable basis for estimating the loss and [must] not subject the trier of fact to mere speculation or conjecture." *Id.* Lost profits must be "proven with reasonable certainty," and damages that are "remote and speculative cannot be recovered." *Larsen v. Walton Plywood Co.*, 65 Wn.2d 1, 16, 390 P.2d 677 (1964).

The usual method for proving lost profits is to present evidence of profit history. *Id.* When a business is new, however, and such profit history is not available, lost profits may be recovered when a reasonable estimation of such damages can be made through "analysis of market conditions and a profit showing of identical or similar businesses in the vicinity, operating under substantially the same conditions." *Id.* at 17; *see also Farm Crop Energy, Inc. v. Old Nat'l Bank*, 109 Wn.2d 923, 928, 750 P.2d 231 (1988). Expert testimony may be presented, and may alone constitute a sufficient basis for an award of lost profits, but such expert opinions must be based "upon tangible evidence rather than upon speculation and hypothetical situations." *Larsen*, 65 Wn.2d at 19; *see Farm Crop*, 109 Wn.2d at 928.

In this case, plaintiff has provided no financial data for the years preceding the transactions at issue in this case. In addition, plaintiff has not identified any financial expert who is anticipated to testify about the profit history of identical or similar businesses in the vicinity. Instead, plaintiff proposes to calculate lost profits in one of three ways: (i) based on the 20% increase in production volumes allegedly promised by defendants; (ii) based on a 20% reduction in annual payroll expense; or (iii) based on "anecdotal" testimony concerning jobs for which plaintiff would have bid had the equipment supplied by defendant operated as allegedly promised. As to the first two methods, plaintiff seeks to compute the numbers over an eight-year period, based on the anticipated life of the machine at issue. Even if either of these formulas were appropriate, plaintiff shows no basis for using such extended time frame

ORDER - 2

when plaintiff would have an independent duty to mitigate its damages.  *See* <u>Fed. Signal Corp. v. Safety Factors, Inc.</u>, 125 Wn.2d 413, 886 P.2d 172 (1994).

Moreover, all of the ways in which plaintiff proposes to derive lost profits rest entirely on speculation.  Plaintiff offers no evidentiary link between increased production volumes and higher profits, and no basis for finding a one-to-one correlation.  Rises in the costs of raw materials and in overhead expenses may well outpace any improvements in production volumes.  Likewise, increased production volumes do not directly translate to reduced payroll expenses, particularly as to employees who do not spend the bulk of their work time using the machine at issue.  Plaintiff has made no showing concerning how many individuals it employs or in what capacities, and its "payroll" methodology is not supported by any tangible evidence.  Finally, any "anecdotal" testimony concerning jobs for which plaintiff did not bid would offer nothing but conjecture as to the existence of such jobs, about which plaintiff admittedly kept no records, and whether plaintiff would have been successful in such bids had plaintiff made them.  Plaintiff will not be permitted at trial to offer such hypothetical evidence and invite the jury to speculate.  Plaintiff's prayer for lost profits is STRICKEN with prejudice.

Because the Pretrial Conference has been continued from January 28, 2011, until February 3, 2011, the deadline for filing an agreed Pretrial Order is extended to January 31, 2011.  Trial briefs, proposed voir dire, and proposed jury instructions shall remain due on February 2, 2011.

IT IS SO ORDERED.

DATED this 26th day of January, 2011.

Thomas S. Zilly
United States District Judge

ORDER - 3